19327

Rita Davis UNDERWOOD, Respondent, v. John W.
UNDERWOOD, Jr., Appellant

(185 S. E. (2d) 370)

*Messrs. McEachin & McEachin,* of Florence, *for Appellant,* cite:

*William W. Doar, Jr., Esq.,* of *Moore, Flowers & Doar,* Georgetown, *for Respondent,* cites:

December 1, 1971.

LITTLEJOHN, Justice:

This action was commenced by the plaintiff-wife against the defendant-husband, seeking a divorce *a mensa et thoro,* custody of their three children, $1000 per month support for wife and children, the right to reside in a beach house owned by the husband at Garden City, and suit money. As a result of a rule to show cause, temporary issues involving separate support and attorney's fees were set for a hearing before the Resident Judge of the Fifteenth Judicial Circuit on October 30, 1970.

Counsel agreed upon an order and it was not necessary for the judge to determine the issues. The consent order provided for the payment by the husband of $100 per week support money, for the furnishing of a six-bedroom house at Garden City, for payment of utility bills, for payment of local phone charges, for a station wagon with insurance paid thereon, for medical bills and for tuition and board

for the eldest child at a military academy. It also provided for the husband to have visitation rights during Christmas holidays and during the summer, and provided fees for her attorney.

The order was dated November 12, 1970, and provided support money commencing as of November 1, 1970. The order does not indicate whether it is a temporary order or a permanent order, but the fact that visitations were provided for Christmas and during the summer lends credence to the contention that the agreement and order were designed to end the litigation.

On January 8, 1971, the wife filed with the court a petition within the original action, alleging a material change of conditions. She asserted that she was unable to continue to reside in the home provided for her and the children by the husband because it was in an isolated area and she believed it unsafe to remain there. In the petition she prayed that the court modify its previous order to provide that the defendant furnish another residence and to provide additional support money. A hearing was held before the judge on February 6, 1971, at which hearing both the wife and husband testified. It was the position of the husband that no material change of condition as contemplated by law was shown. Thereafter, the court passed its order directing the husband to pay the sum of $150 per week in lieu of $100 per week. It was further ordered that the wife and the husband report to the judge within 60 days any change of residence of the plaintiff and the minor children. Since the time of the order the husband has been paying the larger sum.

In argument before this court counsel for the husband stated that the wife had moved from Garden City and now lives in Florence. She changed the locks on the beach doors, apparently to make it unavailable to the husband. Counsel for the husband stated that the trial judge had been notified of this move, as contemplated by the order of February 12.

The husband has appealed the last order, alleging error in finding that there was material or substantial change of conditions warranting the additional support money. Under the view we take, it is not necessary to discuss the other issues raised on the appeal.

In this litigation there is intermingled the rights of both the wife and the children to support money. Since the rights of minor children are involved, the order of the court (temporary or permanent) is always subject to review and may be modified as changed circumstances or conditions may require or justify. At the same time, there must be a showing of new facts and circumstances to warrant a modification. The principle of law is well settled. The difficulty is not in the recognition of the principle that a change of circumstances justifies a modification of the order, but in the application of the rule to a particular case.

"Repeated efforts for modification of the decree are looked on with disfavor by the courts, and there should be an end to the constant changes and modifications of orders having to do with the custody of a child; but further efforts to secure modification are not barred in proper circumstances." 27 B. C. J. S. Divorce § 317(1) (1959).

In determining whether there has been a material change of circumstances an evaluation of the evidence is required. A review of the wife's testimony is not convincing that circumstances have changed between the dates of the original order and of the modification order. The fact that people leave their beach homes in the fall and winter is a fact obviously known at the time of the agreement and the original order. It cannot be said that something unforseeable has taken place. She was awarded the home prayed for in the complaint, and substantially the other relief requested. We are more inclined to think that the wife simply became unhappy living at the beach and wanted to move back to Florence, where she had lived for many years, and wanted more support money. We are of the opinion that a change of circumstances such as to justify the

modification of the consent order was not shown and the order of modification is reversed.

At the hearing before the trial judge the husband indicated a desire to sell the beach house. Obviously it cannot be sold as long as he is under order to let the wife occupy it. Keeping in mind the fact that the sale of the beach house may be in order, and keeping in mind the fact that the best interests of the children is always a matter for the concern of the court, we remand the case to the lower court for a determination of such further issues as the parties may seek to litigate.

Counsel for the wife has moved in this court for allowance of attorney's fees. In the light of our ruling none will be awarded, since, in the last analysis, attorney's fees may be finally determined in the lower court.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.